IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

CHANDRA L. PORTER,

    Plaintiff,

v.      CV 415-297

CITY OF SAVANNAH, GEORGIA,

    Defendant.

**O R D E R**

Presently before the Court is Defendant's motion to dismiss (Doc. 6). For the reasons below, Defendant's motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. BACKGROUND**

Plaintiff, an African-American female, began working for Defendant as a communications specialist in January 1998. (Compl., Doc. 1, ¶ 6.) Since then, Defendant has promoted Plaintiff to the positions of human resources assistant, human resources technician, and ultimately, human resources analyst. (Id. ¶¶ 8-9.) Yet, Plaintiff has not received all the promotions for which she has applied. In fact, despite Plaintiff's years of experience and her educational background,

Defendant has denied her at least ten promotions.[1] (Id. ¶¶ 7, 12-16, 18-20, 22-23, 26-27, 30.) Of these ten jobs, seven have been filled by females (1) who were "white" or "of either Asian or Pacific Island decent" and (2) who had no more – often less – education and/or work experience than Plaintiff. (Id. ¶¶ 12-14, 16, 19-20, 23-29.)

In light of these circumstances, her credentials, and her African-American race, Plaintiff, on May 30, 2012, filed a charge of discrimination with the United States Equal Employment Opportunity Commission "alleging that the failure to promote her was discriminatory." (Id. ¶ 34.) Thereafter, Plaintiff was "subjected to adverse employment action by Defendant, including[] being removed from the position she previously held and placed in a position that offers no opportunity for advancement." (Id. ¶ 35.) Consequently, on November 9, 2015, Plaintiff filed suit in this Court alleging that Defendant, by (1) failing to promote her and (2) later transferring her to a new position committed race discrimination and retaliation in

---

[1] Plaintiff applied for these positions between June 2001 and November 2011. (Compl. ¶¶ 12, 25.) Plaintiff's final promotion application was denied on December 2, 2011. (Id. ¶ 26.)

In terms of education, Plaintiff, at the time she filed her complaint, had "two Bachelor's degrees, one in Management and one in Human Resources Management"; "two Master's degrees, one in Human Resources Development and one in Leadership"; "a Human Resources Generalist Certificate"; "a Certified Human Resources Management (CHRM) Certification from the Carl Vinson Institute at the University of Georgia"; "a Professional in Human Resource (PHR) Certification from the HR Certification Institute (HRCI)"; and "a SHRM Certified Professional (SHRM-CP) certification." (Id. ¶ 7.)

2

violation of 42 U.S.C. § 1981.[2]  (Id. ¶¶ 35, 37, 42.)  In response, Defendant filed the instant motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint, not whether the plaintiff will ultimately prevail on the merits. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). The Court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002). Conversely, the Court need not accept the complaint's legal conclusions as true - only its well-pleaded facts. Ashcroft v. Iqbal, 556 U.S. 662, 678-79 (2009).

A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a

---

[2] Because 42 U.S.C. § 1981 "creates no cause of action against a state, county, or municipal actor," Plaintiff's failure to promote and retaliation claims will be construed as "§ 1983 claim[s] for . . . alleged violation[s] of § 1981." See Moore v. City of Douglas, No. CV 513-118, 2015 WL 9690326, at *7 n.3, *8 (S.D. Ga. Sept. 30, 2015) (citing Baker v. Birmingham Bd. of Educ., 531 F.3d 1336, 1337 (11th Cir. 2008)).

3

'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

### A. Defendant's Extrinsic Evidence

To its motion, Defendant attached Exhibits 1 and 2. Within Exhibit 1, Defendant included (1) Plaintiff's employee action record, (2) a memo concerning Plaintiff's transfer to the administrative services division of the Savannah-Chatham County Metropolitan Police Department, and (3) job descriptions for the positions of human resources technician, human resources analyst, and senior human resources analyst. (Doc. 6-2.) Meanwhile, within Exhibit 2, Defendant included documents related to Plaintiff's Chapter 13 bankruptcy petition, which was filed in 2004. (Doc. 6-3.)

In certain situations, extrinsic evidence, like the exhibits at hand, can be considered as part of a motion to dismiss. See U.S. ex rel. Saldivar v. Fresenius Medical Care Holdings, Inc., 906 F. Supp. 2d 1264, 1271 (N.D. Ga. 2012). However, if the evidence regards "matters outside the pleadings," the Court must exclude it or treat the instant motion as one for summary judgment under Rule 56. See Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."). Thus, in order for Defendant's

4

exhibits to be considered as part of the instant motion, they cannot be "matters outside the pleadings."

In this case, Defendant's extrinsic evidence will not constitute "matters outside the pleadings" if (1) the evidence is referred to in Plaintiff's complaint; (2) the evidence is central to Plaintiff's claim; and (3) the evidence's authenticity is not in question. See U.S. ex rel. Saldivar, 906 F. Supp. 2d at 1271 (citing SFM Holdings, Ltd. V. Banc of America Sec., L.L.C., 600 F.3d 1334, 1337 (11th Cir. 2010)). Here, the exhibits that Defendant offers are not referred to in Plaintiff's complaint. As a result, the Court can only consider the exhibits if the Court converts this motion into one for summary judgment. Yet, because the parties have not begun discovery, the Court will not convert Defendant's motion. See Prop. Mgmt. & Invs., Inc. v. Lewis, 752 F.2d 599, 604 (11th Cir. 1985) ("The court has discretion as to whether to accept material beyond the pleading[s] that is offered in conjunction with a 12(b)(6) motion."). Therefore, as it considers the merits of Defendant's motion to dismiss below, the Court will disregard the exhibits referenced above.

5

### B. Merits of Defendant's Motion

In support of its motion to dismiss, Defendant offers three arguments, which will be considered, in turn, below.[3]

### 1. Statute of Limitations

First, Defendant argues that Plaintiff's claims are time-barred. Specifically, Defendant maintains that Plaintiff's failure to promote claims, "all of which are alleged to have occurred in 2011 or before, must be dismissed because of the running of the two year statute of limitations of 42 U.S.C. § 1983." (Def.'s Br., Doc. 6-1, at 3.) As for Plaintiff's retaliation claim, Defendant contends that this claim must also be dismissed "to the extent that the act upon which the claim is based occurred more than two years prior to November 9, 2015." (Id.)

Two different statutes of limitations apply to claims asserting causes of action that have arisen from 42 U.S.C. § 1981. Jones v. R.R. Donnelley & Sons Co., 541 U.S. 367, 371 (2004). For those causes of action that arose from § 1981 after the adoption of the Civil Rights Act of 1991 ("Act") on December 1, 1990, a catchall four-year statute of limitations applies.

---

[3] Defendant actually makes four arguments in support of dismissal. (Def.'s Br., Doc. 6-1.) However, one of those four is a judicial estoppel argument advanced to prevent Plaintiff "from asserting a claim for monetary damages for promotions allegedly denied . . . before [her] bankruptcy discharge on October 9, 2009." (Id. at 6.) Because the statute of limitations analysis below will resolve this issue, the Court will not address Defendant's judicial estoppel argument.

See 28 U.S.C. § 1658(a); Jones, 541 U.S. at 371. On the other hand, for those causes of action that arose from § 1981 before the adoption of the Act, "the most appropriate or analogous state statute of limitations" applies. Jones, 541 U.S. at 371. In this case, the most analogous state statute of limitations is the two-year statute of limitations found in O.C.G.A. § 9-3-33. See Moore, 2015 WL 9690326, at *8.

Within her complaint, Plaintiff has asserted claims involving two § 1981 causes of action: (1) failure to promote and (2) retaliation. Accordingly, in separate sections below, the Court will determine which statute of limitations - the four-year statute of limitations from 28 U.S.C. § 1658(a) or the two-year statute of limitations from O.C.G.A. § 9-3-33 - is applicable to each cause of action. However, with respect to Plaintiff's failure to promote claims, only that which is based on Defendant's denial of Plaintiff's sought-after promotion to senior human resources analyst on December 2, 2011, will be discussed. Plaintiff's other failure to promote claims are based on denials that took place more than four years prior to the date on which Plaintiff's complaint was filed - November 9, 2015 - and are thus barred by the statute of limitations, which is, at most, four years.

### a. Failure to Promote

Prior to the adoption of the Act, "a failure to promote claim was actionable under § 1981 '[o]nly where the promotion r[ose] to the level of an opportunity for a new and distinct relation between the employee and the employer.'" Moore, 2015 WL 9690326, at *9 (quoting Patterson v. McLean Credit Union, 491 U.S. 164, 185 (1989)). Meanwhile, after the Act was adopted, "the scope for an actionable failure to promote claim broadened" such that a plaintiff could "'bring a failure to promote claim under § 1981(b) even where the promotion would not amount to a new and distinct relationship.'" Id. (quoting Bryant v. Jones, 696 F. Supp. 2d 1313, 1321 (N.D. Ga. 2010)). Consequently, the key inquiry in determining whether Plaintiff's cause of action arose before the passage of the Act is whether the promotion Plaintiff sought would have created a "new and distinct relationship" between Defendant and her.

"Determining whether a promotion qualifies as a new and distinct relationship is a fact-based inquiry." Id. (internal quotation marks and citation omitted). Yet, within the complaint, Plaintiff notes only that she sought to be promoted from "Human Resources Analyst" to "Senior Human Resources Analyst." (Compl. ¶¶ 9, 25.) Without more, the Court cannot determine whether Plaintiff's promotion would cause a new and distinct relationship between Defendant and her. As a result,

the Court also cannot, at this time, conclude that Plaintiff's failure to promote claim arose before the passage of the Act such that it is subject to a two-year, rather than four-year, statute of limitations. Accordingly, Plaintiff's failure to promote claim, which is based on Defendant's denial of her sought-after promotion on December 2, 2011, may proceed. See Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005) ("Dismissal under Federal Rule of Civil Procedure 12(b)(6) on statute of limitations grounds is appropriate only if it is apparent from the face of the complaint that the claim is time-barred.").

### b. Retaliation

Retaliation claims, like the one Plaintiff asserts, did not become actionable under § 1981 until after the Act was passed. Belton v. Russell Cnty. Bd. of Educ., No. 3:10CV814, 2012 WL 4478668, at *2 (M.D. Ala. Aug. 1, 2012). Therefore, Plaintiff's retaliation claim - which is based on conduct occurring after May 30, 2012 - is subject to the four-year statute of limitations found within 28 U.S.C. § 1658(a). (Compl. ¶ 34.) Given this timeframe, Plaintiff's retaliation claim is not barred by the statute of limitations.

### 2. Failure to State a Claim

Next, Defendant maintains that Plaintiff's retaliation claim should be dismissed because she has failed to state a

retaliation claim upon which relief can be granted. In support of her argument, Defendant contends that Plaintiff has alleged insufficient facts to establish a "causal link between protected activity and adverse employment action." (Def.'s Br. at 9-10.) See Bryant v. Jones, 575 F.3d 1281, 1307-08 (11th Cir. 2009) (providing that a plaintiff, to establish a prima facie case of race-based retaliation under 42 U.S.C. § 1981, must show that: (1) "[s]he engaged in statutorily protected activity"; (2) "[s]he suffered an adverse employment action"; and (3) "[s]he established a causal link between the protected activity and the adverse action").

Within her complaint, Plaintiff indicates (1) that the statutorily protected activity at issue occurred when she filed a charge of discrimination on May 30, 2012, and (2) that the adverse employment action at issue occurred when Defendant transferred her to "a position that offers no opportunity for advancement." (Compl. ¶¶ 9, 34-35.) Yet, as far as causation is concerned, Plaintiff alleges only that her transfer came after she filed her charge of discrimination. (Id. ¶ 35.) Plaintiff does not provide the date of her transfer - which could possibly indicate close temporal proximity between the filing of Plaintiff's charge and her transfer - nor does she allege that Defendant committed any intervening retaliatory acts. See Penaloza v. Target Corp., 549 F. App'x 844, 847 (11th Cir. 2013)

("[T]emporal proximity by itself can be enough to show causation; the events, however, must be very close." (internal quotation marks and citation omitted)); Boyland v. Corr. Corp. of Am., 390 F. App'x 973, 974-75 (11th Cir. 2010) ("In the absence of close temporal proximity between the protected activity and the employer's adverse action, a plaintiff may be able to establish causation where intervening retaliatory acts commenced shortly after the plaintiff engaged in a protected activity."); Thompson v. City of Miami Beach, Fla., 990 F. Supp. 2d 1335, 1343 (S.D. Fla. 2014) ("The Eleventh Circuit has held in the absence of any other evidence of causation, a three-month proximity between a protected activity and an adverse employment action is insufficient to create a jury issue on causation." (internal quotation marks omitted) (citing Boyland, 390 F. App'x at 974-75)). In the absence of such facts, Plaintiff has failed to state a § 1981 retaliation claim that is plausible on its face. See Thompson, 990 F. Supp. 2d at 1343 (dismissing a Title VII retaliation claim for failure to state a claim where the "adverse employment actions and retaliatory acts are too far removed from [the plaintiff's] protected activity of filing a discrimination charge"); Worley v. City of Lilburn, 408 F. App'x 248, 250 (11th Cir. 2011) ("The elements required to establish retaliation claims under § 1981 are the same as those required

11

for Title VII claims."). Accordingly, Plaintiff's retaliation claim is subject to dismissal.[4]

### 3. Punitive Damages

Finally, Defendant contends that "any claim for punitive damages against [it] must be dismissed." (Def.'s Br. at 11.) The United States Supreme Court has held that "a municipality is immune from punitive damages under 42 U.S.C. § 1983." City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Hence, Plaintiff's claims for punitive damages are dismissed.

## III. CONCLUSION

For the reasons above, the Court **GRANTS IN PART** and **DENIES IN PART** Defendant's motion to dismiss (Doc. 27). As a result, Plaintiff's race discrimination claims arising before she was denied a promotion on December 2, 2011, and her claim for punitive damages are **DISMISSED**. Additionally, Plaintiff's retaliation claim is dismissed subject to her ability to file an amended complaint – if appropriate in light of footnote four –

---

[4] Within her response brief, Plaintiff requests that, "[t]o the extent that this Court feels that Plaintiff has not properly stated a claim," the Court "grant her permission to file an Amended Complaint in this matter." (Pl.'s Br., Doc. 9, at 5.) Given the facts and circumstances of this case, the Court will grant Plaintiff's request. See Fed. R. Civ. P. 15(b). However, Defendant's extrinsic evidence indicates that Plaintiff's transfer did not occur until June 17, 2014 – a date more than two years after the filing of her charge of discrimination. (Doc. 6-2 at 10.) Assuming Plaintiff has no other evidence of retaliation, this fact, if true, is enough to preclude Plaintiff's retaliation claim as a matter of law. See Thompson, 990 F. Supp. 2d at 1343 ("The Eleventh Circuit has held in the absence of any other evidence of causation, a three-month proximity between a protected activity and an adverse employment action is insufficient to create a jury issue on causation." (internal quotation marks omitted)).

within **fourteen (14) days of this Order.** As for Plaintiff's § 1981 race discrimination claim arising out of Defendant's denial of her sought-after promotion on December 2, 2011, that claim survives Defendant's motion and moves forward.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of August, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA